UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREA WALKER<br>Plaintiff<br><br>v.<br><br>APPLE AUTOMOTIVE LLC<br>Defendant | ) ) ) ) ) ) ) ) | CIVIL ACTION NO.<br><br><br><br><br><br><br>OCTOBER 5, 2016 |

# COMPLAINT

## I. INTRODUCTION

1. This is an action brought by a consumer against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. §§ 36a-770 *et seq.,* Article 2 of the Uniform Commercial Code ("UCC"), and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq*.

## II. PARTIES

2. Plaintiff, Andrea Walker ("Walker" or "Plaintiff"), is a consumer residing in New Haven, Connecticut.

3. Defendant, Apple Automotive LLC ("Apple Auto"), is a Connecticut limited liability company that operates an automobile dealership in Wallingford, Connecticut.

## III. JURISDICTION

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640 and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over Apple Auto because it is located in Connecticut and is organized under Connecticut law.

6. Venue in this Court is proper because the Plaintiff resides in Connecticut and the transaction alleged herein occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. On or about June 22, 2016, Plaintiff visited Apple Auto to shop for a vehicle, and she saw a 2014 BMW 528xi (the "Vehicle") on the dealership's showroom floor.

8. Plaintiff spoke with an Apple Auto salesman who identified himself as Vinnie, and she asked him the price of the Vehicle.

9. Vinnie stated that he could not provide the price to Plaintiff, so she checked Apple Auto's website and saw that the Vehicle was advertised for a cash price of $33,895.

10. Vinnie and another Apple Auto employee who identified himself as Rich told Plaintiff that the Vehicle had been the personal car of the owner of Apple Auto.

11. This was a false and deceptive statement, because the Vehicle had previously been a rental vehicle.

12. Apple Auto's advertisement of the Vehicle on its website failed to disclose the Vehicle's history as a former rental vehicle, even though such disclosure is required by Conn. Agency Reg. § 42-110b-28(b)(2)(C) and Apple Auto either knew that the Vehicle was a former rental vehicle or it would have known if it had exercised reasonable care to determine the Vehicle's history, which was readily available on services such as Carfax or Autocheck.

13. Apple Auto violates Regulation 42-110b-28(b)(2)(C) on a regular basis, as evidenced by the fact that, as of the date of this Complaint, it continues to knowingly advertise former rental vehicles on its website without disclosure of the rental history.

14. Ignorant of the Vehicle's rental history, Plaintiff agreed to purchase it, believing that she would pay the advertised price of $33,895, and she paid a deposit of $2,000.

15. Apple Auto subsequently prepared a Purchase Order ("PO") and Retail Installment Contract ("RISC") for the Vehicle.

16. The PO prepared by Apple Auto listed a "CASH PRICE AT SELLER'S PLACE OF BUSINESS" of $39,117.97, which was significantly greater than the advertised cash price.

17. This cash price was incorporated into the RISC and was included in its entirety as part of the itemization of the amount financed.

18. Apple Auto also included in the PO and in the itemization of the amount financed in the RISC a total cash down payment of $4,500.

19. Vinnie told Plaintiff that she was required to pay an additional $1,000 as a down payment, which Plaintiff paid.

20. Although the PO and the RISC both reflect a cash down payment of $4,500, only $3,000 was requested by Apple and paid by Plaintiff.

21. Consequently, the cash price of the Vehicle, as stated in the PO and RISC, was greater than the effective cash price, because the contract documents included an illusory $1,500 down payment that was neither requested nor paid.

22. The sales tax in the transaction was calculated based upon the stated cash price of $39,117.97 rather than the effective cash price, resulting in an increase to the sales tax of approximately $95.25 (6.35% CT sales tax applied to bogus $1,500 included in stated down payment).

23. The PO did not disclose that the Vehicle was a former rental, even though the contract form included a disclosure section stating: "THIS MOTOR VEHICLE BEING PURCHASED IS A PREVIOUS: ☐ RENTAL . . ." The box next to "RENTAL" was left unchecked.

24. The fair market value of the Vehicle, as a former rental vehicle, was less than the fair market value of other comparable vehicles that were privately owned, because many consumers do not wish to purchase rental vehicles, which are driven by many individuals who do not have any interest in the long term care or value of those vehicles.

25. Plaintiff executed the PO and the RISC without noticing that the cash price of the Vehicle was greater than the advertised price or that the down payment had not been accurately stated, and it provided the contract documents, including the PO and RISC, to Plaintiff in a sealed envelope marked "Put in safe place open in event of accident."

26. After Plaintiff took delivery of the Vehicle and left the dealership, she opened the sealed envelope and reviewed the contract documents, and she discovered that she had been charged more than the advertised price for the Vehicle.

27. Even following the deduction of the false $1,500 down payment from the purchase price, the effective purchase price of approximately $37,600 was still nearly $4,000 in excess of the advertised price.

28. Apple Auto assigned the RISC to Wells Fargo, a sales finance company within the meaning of RISFA.

29. On August 17, 2016, Plaintiff returned the Vehicle to Apple Auto and, by her attorney, sent written notice to Apple Auto and to Wells Fargo that she had revoked acceptance pursuant to Article 2 of the UCC.

30. Subsequently, Apple Auto paid the account balance claimed by Wells Fargo and, on information and belief, Apple Auto is the current holder of the RISC.

31. Apple Auto has not provided Plaintiff with notice that it has cancelled the RISC, and it has not refunded to Plaintiff the amounts that she paid under the RISC, even though it has returned the Vehicle to its inventory and is advertising it for sale.

32. Plaintiff has restored Apple Auto, as nearly as possible, to its pre-contractual position.

## V. CAUSES OF ACTION

### A. TRUTH IN LENDING ACT

33. Plaintiff incorporates paragraphs 1-32.

34. Apple Auto violated TILA in connection with the Contract by listing a down payment of $4,500 when on the RISC, even though only $3,000 was requested and paid, and by listing a cash price that has been inflated by reason of the false down payment, all resulting in an inaccurate itemization of the amount financed.

35. On information and belief, the cash price and the down payment were inflated by Apple Auto in order to induce Wells Fargo to accept assignment of the RISC because the transaction would not otherwise have met the underwriting criteria under which Wells Fargo accepted assignment of the RISC.

36. The additional sales tax of approximately $92.25 charged in the transaction was included as part of the itemized amount financed and was not included as part of the finance charge or included in the calculation of the annual percentage rate of interest.

37. This increased portion of the sales tax should have been included in the finance charge and included in the annual percentage rate of interest calculation, because the excess sales tax was an additional cost to Plaintiff imposed by Apple Auto as a condition of financing, and it would not have been charged in a comparable cash purchase.

38. Apple Auto is liable to Plaintiff for actual damages in the amount of the excess sales tax plus additional statutory damages of $2,000 and attorney's fees and costs.

**B. RETAIL INSTALLMENT SALES FINANCE ACT**

39. Plaintiff incorporates paragraphs 1-38.

40. By inaccurately listing the amount paid for a down payment, Apple Auto violated RISFA, Conn. Gen. Stat. §36a-771(a), which requires that all essential provisions of the contract be included in the RISC.

41. Through its violations of TILA, Apple Auto further violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

42. Plaintiff has restored Apple Auto to its pre-contract position by returning the Vehicle to it, and she is entitled to a rescission of the RISC due to the violations of RISFA.

**C. REVOCATION OF ACCEPTANCE UNDER UCC**

43. Plaintiff incorporates paragraphs 1-32.

44. Apple Auto made false representations regarding the Vehicle's history that constitute material misrepresentation or fraud within the meaning of Conn. Gen. Stat. § 42a-2-721, which provides a buyer with the same UCC remedies as would be available for breach of warranty.

45. Plaintiff has validly and effectively revoked her acceptance of the Vehicle pursuant to Conn. Gen. Stat. § 42a-2-608.

46. Plaintiff is entitled to an order that she has no further obligation to Apple Auto and a return of the $3,000 down payment actually paid.

**D. CONNECTICUT UNFAIR TRADE PRACTICES ACT**

47. Plaintiff incorporates paragraphs 1-46.

48. Apple Auto violated CUTPA in the following ways:

a. Its violations of TILA and RISFA by including a false down payment;

b. It falsely and deceptively told Plaintiff that the Vehicle was formerly owned by the owner of Apple Auto, a *per se* violation of CUTPA pursuant to Conn. Gen. Stat. § 42-225(a), which prohibits false statements regarding the history of a motor vehicle, and Conn. Agency

Reg § 42-110b-28(b)(23), which provides that violations of state statutes concerning the sale of motor vehicles violate CUTPA;

c. It failed to include in the advertisement on its website a disclosure that the Vehicle was a former rental car, a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(2)(C), which requires car dealerships to conspicuously disclose that a vehicle was a former rental vehicle if the dealership knows or, in the exercise of reasonable care, should know that the vehicle was previously so used.

d. It failed to disclose on the Purchase Order that the Vehicle was a former rental vehicle;

e. It sold the Vehicle for more than the advertised price, a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1), which prohibits dealerships from failing to sell vehicles for the advertised price; and

f. It acted deceptively by putting the contract documents in a sealed envelope before providing them to Plaintiff, and it acted with the intention of preventing Plaintiff from discovering its other violations of CUTPA.

49. Apple Auto's conduct, as aforedescribed, was deceptive and unfair and in violation of CUTPA. Specifically, its conduct violated public policy as established by TILA, RISFA, Section 42-225(a), and Regulations of the CT Department of Consumer Protection, and they also constituted common law fraud and misrepresentation. Its conduct was also immoral, unethical, oppressive, and unscrupulous, and this conduct

causes substantial harm to consumers and to competitors who do not engage in unfair trade practices.

50. Apple Auto's CUTPA violations have caused Plaintiff to suffer ascertainable losses and damages in that she paid a higher sales tax for the Vehicle, she paid more than the advertised price for the Vehicle and more than the price she believed she was paying, she received a Vehicle that was worth less than a comparable vehicle due to its rental history, she was deceived regarding the history of the vehicle, and she has not received a refund for the amounts that she has paid.

51. Apple Auto is liable to Plaintiff for her damages plus punitive damages and a reasonable attorney's fee and costs.

52. Plaintiff is seeks rescission of the contract as an equitable remedy under CUTPA.

**Wherefore, Plaintiff claims** statutory damages of $2,000; actual damages, punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g), and attorney's fees and costs. Plaintiff also seeks an order that the Contract is cancelled and she has no further obligation under the Contract.

PLAINTIFF, ANDREA WALKER

By: /s/ *Daniel S. Blinn*

Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408
Fax (860) 571-7457